IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNIOR LARRY HILLBROOM, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BARRY J. ISRAEL, an individual; and KEITH A. WAIBEL, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 1:10-CV-00031<br><br>MEMORANDUM OPINION AND ORDER DENYING THIRD-PARTY DEFENDANT LUJAN'S MOTION TO DISMISS THIRD-PARTY COMPLAINT |
| KEITH A. WAIBEL, an individual,<br><br>　　　　　Cross-Claimant,<br><br>v.<br><br>BARRY J. ISRAEL, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Cross-Defendants. | |
| KEITH A. WAIBEL, an individual,<br><br>　　　　　Third-Party Plaintiff,<br><br>v.<br><br>DAVID J. LUJAN, an individual,<br><br>　　　　　Third-Party Defendant. | |

Before the court is Third-Party Defendant David J. Lujan's motion to dismiss Keith A. Waibel's third-party complaint (hereafter "Lujan Motion," Dkt. No. 43). For the following reasons, the motion is denied.

**I.     Background**

Keith Waibel is a defendant in an action brought by Junior Larry Hillbroom ("Junior"). (Complaint, Dkt. No. 1.) Waibel has cross-complained against co-defendant Barry Israel and against David Lujan. (Third-Party Complaint, Dkt. No. 9.) Waibel denies liability to Junior, and in the event he is found liable to Junior, he claims for indemnity and contribution from Israel and Lujan. (*Id.* at 5–6.) Lujan has moved to dismiss Waibel's cross-complaint under Rules 12(b)(6) and 12(b)(3) of the Federal Rules of Civil Procedure. (Lujan Motion.) Waibel has opposed the motion. (Opposition, Dkt. No. 83.) Lujan has replied to Waibel's opposition. (Reply, Dkt. No. 84.)

Waibel was also a defendant in an action arising from the same operative facts which Junior brought in the United States District Court for the Central District of California, 09-CV-0841 ("the California case"). Waibel cross-complained against Lujan in that case as well, and the cross-complaint was dismissed for lack of personal jurisdiction. (*See* Dkt. No. 59, "Order Granting Cross-Defendant's Motion to Dismiss Cross-Complaint." Waibel sought indemnity and asserted separate claims of economic duress and fraud. (*Id.* at 1.) The California court dismissed the cross-complaint for lack of personal jurisdiction over Lujan. (*Id.* at 10.)

Waibel has pled the following facts in support of his claims of indemnity and contribution. Waibel, a California resident, was trustee of the JLH Trust. (Third-Party Compl. at 2.) The JLH Trust was established for the sole benefit of Junior, a pretermitted heir of Larry L. Hillblom ("Hillblom"). (*Id.* at 3.) Junior had inherited from Hillblom about $90 million before taxes. (*Id.*) Lujan and Israel were attorneys representing Junior. (*Id.* at 2.) In 1999, Lujan and Israel selected Waibel to be the trustee of the JLH Trust. (*Id.* at 4.) Waibel alleges that Lujan and Israel had complete discretion to fire Waibel as trustee and used this threat to

coerce Waibel to act in Lujan and Israel's personal interest. (*Id.* at 4.) Lujan and Israel forced Waibel to sign a 1999 retainer agreement that raised Lujan and Israel's contingency fee from 38 percent to 56 percent. (*Id.* at 5.) Waibel asserts that he personally did not receive any direct additional financial benefit from the increased fee. (*Id.*)

## II.     Legal Standards

### A. *Motion to Dismiss*

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. United States Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (analyzing effect of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), on pleading standards). The judge must "accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572. "In general, the same principles governing the disposition of a 12(b)(6) motion apply whether the plaintiff's original complaint or a third-party complaint is involved." *Foote v. United States,* 648 F. Supp. 735, 736 (N.D. Ill. 1986) (citing C. Wright & A. Miller, Federal Practice and Procedure § 1455 (1971)).

### B. *Cross-Complaint for Indemnity and Contribution*

A defending party, as third-party plaintiff, may bring in as a third-party defendant "a nonparty who is or who may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A third-party claim "cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant. . . . The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."

*Stewart v. American Int'l Oil & Gas Co.,* 845 F.2d 196, 200 (9th Cir. 1988) (citing 6 FED. PRAC. & PROC. § 1446 at 257 (1971 ed.)). "A proper third-party claim is typically one that involves one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable." *Gandy v. Shaklan-Brown,* 2008 U.S. Dist. LEXIS 83309, 2008 WL 4446708, at *2 (D. Ariz. Sept. 30, 2008). Rule 14(a) "permits a defendant to pursue contribution and indemnity claims even though the defendant's claim is purely inchoate—i.e., has not yet accrued under the governing substantive law—so long as the third-party defendant may become liable for all or part of the plaintiff's judgment." *Am. Contrs. Indem. Co. v. Bigelow,* 2010 U.S. Dist. LEXIS 77982, at *6–8 (D. Ariz. July 28, 2010) (citing, *inter alia, Mid-States Ins. Co. v. American Fid. & Cas. Co.,* 234 F.2d 721, 731–32 (9th Cir. 1956)).

**III. Analysis**

Lujan asserts that because Waibel does not allege fraud, he has no basis to claim a right of indemnity or contribution. (*Id.* at 14.) He points out that in the California case Waibel not only sought indemnity and contribution but also claimed fraud and economic duress. (*Id.* at 13.) He asserts that Waibel's failure to press those claims in the instant case constitutes "abandonment of claims" and "operates as a tacit admission by Waibel that if there is any liability to Plaintiff [Junior], . . . Waibel is equally liable to Plaintiff." (*Id.*)

On the merits, Lujan contends that because, in his view, Junior's claims against Lujan and Israel are meritless, there is nothing for which Lujan might indemnify Waibel and therefore the cross-complaint for indemnity must fail. (*Id.* at 15.) He also maintains that in equity

Waibel cannot obtain indemnity or contribution from Lujan for injury caused by Waibel's own active negligence or breach of fiduciary duty. (*Id.* at 26.)

Lujan claims that venue is improper. Fed. R. Civ. P. 12(b)(3). The argument, which he incorporates by reference to his motion to dismiss in *Hillbroom v. Lujan,* Case No. 10-CV-00009 (D.N.M.I.), Dkt. No. 14, 23–24, is that the 1998 JLH Trust Fee Agreement has a mandatory forum selection clause in favor of the District of Guam. *Id.*

Waibel responds that he has not retracted allegations that Lujan and Israel used threats and intimidation to coerce Waibel to do their bidding. (Opp. at 8; *cf.* Third-Party Compl. at 4.) He maintains that if these allegations are true, as the Court must accept in a Rule 12(b)(6) motion, he has stated a plausible claim for relief. (Opp. at 8.)

As to the merits of Junior's claims, Waibel asserts that a "Rule 12(b)(6) motion to dismiss a [third-party complaint] is not the proper forum for addressing the adequacy of [Junior]'s Complaint." (*Id.* at 6.)

Waibel asserts that to claim indemnity he does not have to be free from fault himself, because the common-law active/passive indemnity theory propounded by Lujan has been rejected by most comparative-liability jurisdictions like the Commonwealth of the Northern Mariana Islands ("CNMI"). (*Id.* at 11.)

On the Rule 12(b)(3) claim, Waibel urges the court to reject it on two grounds. First, Lujan has improperly circumvented Local Rule 7.1(d)'s page limitation through incorporation of his argument by reference to another pleading. (*Id.* at 14.) Second, he contends that a third-party defendant cannot challenge venue of the third-party complaint on the basis of statutory venue limitations. (*Id.*)

//

In his reply, Lujan persists in arguing the merits of Waibel's allegations of threats and coercion. Lujan urges the court to notice orders of the Guam Guardianship Court which "conclusively establish" that Lujan and Israel could not unilaterally remove Waibel as trustee. (Reply at 4.) Lujan rails against Waibel for "collusion with Junior to cover up Waibel's wrongdoing by falsely accusing Lujan and Israel of misdeeds." (*Id.* at 6.) He concludes that Waibel must have "obtained some sort of security from Junior" and requests that the court "order an evidentiary hearing to determine if Waibel and Junior have entered into a 'Mary Carter' agreement . . ." (*Id.* at 7.)

Waibel's third-party complaint plausibly suggests claims of indemnity and contribution entitling Waibel to relief. The facts that Waibel alleges "involve[] one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable." *Gandy,* 2008 U.S. Dist. LEXIS 83309, 2008 WL 4446708, at *2. The facts, if shown to be true, would establish that both Waibel and Lujan are liable to Junior for the torts of negligence and breach of fiduciary duty. Because this is a Rule 12(b)(6) motion, not a motion for summary judgment, the Court does not reach the merits of the claims.

It is irrelevant that Waibel is no longer complaining of fraud and economic duress, as he did in the California case. He claimed for indemnity and contribution in the California case, just as he claims for them in the instant case. There is no basis to argue he has abandoned those claims.

Waibel's equitable claims of indemnity and contribution are not foreclosed because of his own alleged negligence. The doctrine of "active negligence," on which Lujan relies, was developed in the common law before comparative liability existed and is "inconsistent with the

goals of comparative responsibility." RESTATEMENT (THIRD) OF TORTS § 22 cmt. e ("Culpability of the indemnitee"); *see also Automobile Underwriters Corp. v. Harrelson,* 409 N.W.2d 688, 692 n.1 (Iowa 1987) (noting several courts and commentators have concluded "the active/passive negligence theory of indemnification does not survive in a comparative fault tort system"). The CNMI is a comparative negligence jurisdiction. *Commonwealth v. Saburo,* 2002 MP 3 ¶ 21 n.7.

As a third-party defendant, Lujan cannot defend on Rule 12(b)(3) grounds of improper venue. "[S]tatutory venue limitations have no application to [Rule 14 third-party claims] even if they would require the third-party action to be heard in another district had it been brought as an independent action." *Medzilla, Inc. v. Scistaff Servs. LLC,* 2007 U.S. Dist. LEXIS 44601, *6 (W.D. Wash. 2007) (citing WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1445); *see also Gundle Lining Constr. Corp. v. Adams County Asphalt,* 85 F.3d 201, 209 (5th Cir. 1996) (third-party defendant's motion to transfer venue denied). Therefore, Lujan's improper-venue defense is meritless.

### IV. Conclusion

For the foregoing reasons, Lujon's motion to dismiss the third-party complaint is denied.

SO ORDERED this 25th day of January, 2012.

/s/ *[signature]*

RAMONA V. MANGLONA
Chief Judge