F I L E D
Clerk
District Court

APR - 5 2012

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNIOR LARRY HILLBROOM, an individual, | Case No.: 1-10-CV-00031 |
| Plaintiff, | |
| v. | |
| BARRY J. ISRAEL, an individual; KEITH A. WAIBEL, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |
| KEITH A. WAIBEL, an individual, | **MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S REQUEST FOR ENTRY OF RULE 54(b) FINAL JUDGMENT ON PLAINTIFF'S CLAIMS AGAINST DEFENDANT ISRAEL** |
| Cross Claimant, | |
| v. | |
| BARRY J. ISRAEL, an individual; and DOES 1 through 10, inclusive, | |
| Cross Defendants. | |
| KEITH A. WAIBEL, an individual, | |
| Third-Party Plaintiff, | |
| v. | |
| DAVID J. LUJAN, an individual, | |
| Third Party Defendant. | |

On January 26, 2012, the Court granted the motion to dismiss Plaintiff's complaint as to Defendant Barry J. Israel for lack of personal jurisdiction. (*See* Memorandum Opinion and Order, hereafter "Dismissal Order," ECF No. 95.) Before the Court is Plaintiff's Request for Entry of Rule 54(b) Final

1  Judgment on Claims Against Defendant Israel. (*See* ECF No. 98.)  Israel opposes the request. (*See* ECF

2  No. 99.)

3      A district court "may direct entry of final judgment as to one or more, but fewer than all, claims or

4  parties" involved in a case if it "expressly determines that there is no just reason for delay."  Fed. R. Civ. P.

5
6  54(b).  This case involves multiple defendants who, Plaintiff claims, conspired to defraud him of tens of

7  millions of dollars received in a settlement of his father's estate.  The dismissal order resolved all of

8  Plaintiff's claims against Israel, but none of the claims against Defendant Keith A. Waibel and the Does;

9  nor does it resolve Waibel's cross claims and third-party claims for indemnity and contribution against

10  Israel and David Lujan. (*See* Answer, ECF No. 8; Third Party Complaint, ECF No. 9.)

11
12      The factors for the district court to consider when determining whether to enter final judgment

13  pursuant to Rule 54(b) are well established: "Rule 54(b) certification is proper if it will aid expeditious

14  decision of the case.  The Rule 54(b) claims do not have to be separate from and independent of the

15  remaining claims.  However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases

16  which should be reviewed only as single units." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–798 (9th Cir.

17
18  1991) (internal quotation marks and citations omitted).

19      The Court finds that there is no just reason for delay in entering final judgment as to Israel.  The

20  Dismissal Order is a final disposition of all of Plaintiff's claims against Israel.  The issue involving

21  personal jurisdiction over Israel is unique to him and completely severable from the other issues to be

22  decided as to the remaining parties. *Cf. Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th

23
24  Cir. 1993) (upholding Rule 54(b) certification of order dismissing some defendants for lack of personal

25  jurisdiction).  The Ninth Circuit will not have to decide this personal-jurisdiction issue more than once,

26  even if there are subsequent appeals by the remaining parties.  Allowing an immediate appeal would aid

27  expeditious decision of the matter and serve the efficient administration of justice.

28

Israel asserts that because a co-defendant's cross claims against him are still pending, certification of the order dismissing all of Plaintiff's claims against him would improvidently allow piecemeal adjudication of claims. (See Opp. at 5.)  While the risk of piecemeal appeals is a factor for the district court to consider, it is not a just reason to deny Rule 54(b) certification in the circumstances of this case. Rule 54(b) "permits separate treatment of the original claim and a cross-claim" even when the two claims arise out of the same transaction. *See Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 950 (7th Cir. 1980) (citing *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 452 (1956)).  To withhold final judgment may force Plaintiff to endure a long and expensive trial against the remaining defendants before having the opportunity to secure a reversal of Israel's dismissal.  To deny Plaintiff entry of final judgment dismissing one alleged tortfeasor from the lawsuit because another alleged tortfeasor has cross-claimed against Israel for indemnity and contribution based on the same facts and circumstances would be perverse.  Moreover, an appeal now will avoid the possibility of multiple, protracted trials in the event that the Ninth Circuit overturns the dismissal of Israel after a first trial. Defendant Waibel has not objected to certification, and Plaintiff appears to prefer the delay in proceeding against Waibel to the prospect of two trials. *Cf. Chamberlain v. Harnischfeger Corp.*, 516 F. Supp. 428, 430 (E.D. Pa. 1981) (weighing similar factors on request for Rule 54(b) certification after dismissal of one defendant for lack of personal jurisdiction).

For these reasons, the Court hereby GRANTS Plaintiff's Request for Entry of Rule 54(b) Final Judgment on Claims Against Defendant Israel.  The Clerk is directed to enter a final judgment dismissing without prejudice all claims of Plaintiff Junior Larry Hillbroom against Defendant Barry J. Israel pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED this 5th day of April, 2012.

RAMONA V. MANGLONA
Chief Judge